Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

*Attorneys for Plaintiff,*
Michael Grecco Productions, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC., a Delaware Corporation; HOUSTON CHRONICLE PUBLISHING COMPANY, a Texas Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-7814<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

---

**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

Michael Grecco Productions, Inc. ("Grecco"), by and through its attorneys of record, complains against Hearst Communications, Inc. ("Hearst"); Houston Chronicle Publishing Company ("Houston Chronicle"); and DOES 1-10, inclusive (collectively, "Defendants"), as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants Hearst and Houston Chronicle for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

2. This Court has subject matter jurisdiction over this copyright infringement action under 28 U.S.C. §§ 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and (c) in that the claim arises in this Judicial District, the Defendants transact business in this Judicial District, and the injury suffered by Grecco took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

4. Plaintiff Grecco is a photography studio and business owned and operated by photographer Michael Grecco and registered with the State of California on or around January 1, 1998. Grecco is the successor by corporate name change from Michael Grecco Photography, Inc. to Michael Grecco Productions, Inc. on January 26, 2012. Grecco is a California corporation with its principal place of business at 3103 17th Street, Santa Monica, California 90405.

5. Grecco is informed and believes and, upon such, alleges that Defendant Hearst Communications, Inc. is formed and existing under the laws of Delaware with its principal place of business located in New York, New York.

6. Grecco is informed, believes, and thereon alleges that Defendant Houston Chronicle Publishing Company is formed and existing under the laws of Delaware with its principal place of business located in Houston, Texas. Grecco is further informed,

1
**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

believes, and thereon alleges that Houston Chronicle is wholly owned and controlled by Hearst Communications.

7. DOES 1 through 10, inclusive, are unknown to Grecco, who therefore sues said Defendants by such fictitious names. Grecco will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Grecco is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings herein alleged, and that Grecco's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

*Plaintiff's Business and the Photographs Forming the*

*Subject Matter of This Dispute*

8. As part of its business as a prominent celebrity photography agency, Grecco is hired by a multitude of top-tier media outlets, including certain Hollywood studios, to take photographs of celebrities. Michael Grecco has been asked to create and photograph iconic cover and portrait shots of legendary musicians, actors, directors, technologists, Olympians, fashion models, comedians, athletes and automobiles—such as Johnny Cash, Steven Spielberg, Will Smith, Joaquin Phoenix, Penelope Cruz, Olympian Janet Evans, Martin Scorsese, Steve Martin, Chris Rock, the SnapChat Founders, and Porsche's legendary 911 sports automobile. Michael Grecco has photographed for some of the most significant publications and magazines in the world, from Vanity Fair to Rolling Stone to ESPN Magazine to People and Forbes and Esquire to name a few, as well as for iconic brands to advertise their products, such as his iconic Porsche photographs. Grecco then licenses its photographs on an exclusive and non-exclusive basis to top-tier media outlets. Grecco has licensed individual images of celebrities for thousands of dollars to major top-tier outlets.

9. Grecco has created many stylized and valuable photographs of celebrities. Among them is the photograph that frames the subject matter of this dispute.

10. The photograph is a photograph of David Duchovny and Gillian Anderson in their roles as Fox Mulder and Dana Scully in *The X-Files*. A true and correct copy of the *X-Files* Photo is attached hereto as Exhibit A.

11. Grecco timely obtained the copyright registration for the *X-Files* Photo with the United States Copyright Office. The *X-Files* Photo was registered with the copyright office on September 8, 2003. *See* VA 1-232-596. A true and correct copy of the Copyright Registration Certificate is attached hereto as Exhibit B.

12. In the marketplace, celebrity photos, such as the *X-Files* Photo carries tremendous monetary value. Grecco licenses these images to various third parties to create highly sought-after feature spreads, among other things, on television, print, and online. The *X-Files* Photo itself has been licensed to media outlets for many thousands of dollars.

*The Defendants and the Marketplace*

13. Hearst Communications is one of the oldest and best-known media conglomerates in the United States. Founded in 1887, Hearst Communications has expanded to own newspapers, magazines, television channels, and television stations all over the United States, including the Houston Chronicle.

14. On information and belief, Defendants profit through their infringement of the *X-Files* Photo by attracting future customers to use, subscribe to, and patronize their publications.

15. Defendants understand the immense value of intellectual property protections. As highly sophisticated and longstanding publication and media companies, Defendants are keenly aware of the worth of intellectual property as a valuable commodity. Further, Defendants actively police and vigorously protect their own intellectual property rights from infringement, as demonstrated by the '©' copyright notice featured at the bottom of the Hearst Communications and Houston Chronicle websites.

16. Still, despite their awareness of the importance of intellectual property

**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

rights, their potential to incur liability for the infringement of the same, and Defendants' sophisticated operators, Defendants infringed Grecco's copyrights to the *X Files* Photo.

17. On August 11, 2017, Defendant Houston Chronicle ran an online article entitled "*Back-to-School Memes Perfectly Capture All the Feels*," which prominently featured the *X-Files* Photo. A true and correct copy of the *X-Files* Photo infringement and a screenshot of the underlying source code is attached hereto as Exhibit C which demonstrates that the *X-Files* Photo was reproduced, distributed and publicly displayed by Houston Chronicle on its website. Grecco discovered this infringement on October 24, 2023.

18. On October 26, November 7, and November 23, 2023, Grecco sent Defendants Cease-and-Desist letters, demanding Defendants remove the *X-Files* Photo from the Houston Chronicle website and address the damages of their infringement of the same. A true and correct copy of the Cease-and-Desists are attached as Exhibit D.

19. As of the time of this filing, Defendants have failed to respond to Grecco, despite their ostensible receipt of Grecco's correspondence.

20. Grecco is informed and believes that Defendants have violated federal law by infringing Grecco's copyright to at least the *X-Files* Photo (identified in Exhibit A). Specifically, Defendants reproduced, distributed and publicly displayed the *X-Files* Photo, and/or derivatives thereof without permission, consent, or license.

21. Grecco has never sold or licensed the *X-Files* Photo to Defendants.

22. Grecco is informed and believes that Defendants has driven significant traffic to its own platforms in part due to the presence of the sought after and searched for *X-Files* Photo that frames this dispute. As mentioned above, all this traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a consequence of their infringing actions.

### FIRST CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. § 501, Against Contently)**

23. Plaintiff Grecco incorporates herein by reference the allegations in

4

COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

paragraphs 1 through 22 above.

24. Grecco is the rightsholder to the copyrights of the *X-Files* Photo, which substantially consists of wholly original material that constitutes copyrightable subject matter under the laws of the United States. Grecco has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The *X-Files* Photo has been timely registered with the United States Copyright Office. *See* VA 2-064-915.

25. Defendants have directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe Grecco's copyright by reproducing, displaying, distributing, and utilizing the *X-Files* Photo for purposes of trade without authorization of or payment to Grecco in violation of 17 U.S.C. § 501 et seq.

26. Grecco is informed and believes that Defendants' acts of infringement are willful because, *inter alia*, Defendants are a sophisticated publishing and media entities comprised of individuals with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

27. Grecco is informed and believes that Defendants, despite such knowledge, willfully reproduced and distributed the *X-Files* Photo, without any right to do so.

28. Defendants have received substantial benefits in connection with the unauthorized reproduction, distribution, and utilization of the *X-Files* Photo for purposes of trade, including by increasing the traffic to their websites and use of their services.

29. Defendants' unauthorized actions were performed without Grecco's permission, license, or consent.

30. Defendants' wrongful acts have caused, and are causing, great injury to Grecco, of which damages cannot be accurately computed, and unless this Court restrains Contently from further commission of said acts, Grecco will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Grecco seeks a declaration that Defendants are infringing Grecco's copyrights and an order under 17

U.S.C. § 502 enjoining Defendants from any further infringement of Grecco's copyrights.

31. As a result of Defendants' wrongful acts alleged herein, Grecco has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

32. Because of the willful nature of Defendants' copyright infringement, Grecco is entitled to an award of statutory damages of up to $150,000 per copyrighted work.

33. Grecco has identified at least one copyrighted work infringed by Defendants, which occurred by way of reproduction, public distribution, and public display of the *X-Files* Photo on Houston Chronicle's website. As such, Grecco is entitled to an award of $150,000 in statutory damages.

34. Alternatively, at its discretion, Grecco is entitled to actual damages in an amount to be proven at trial for the infringement of the *X-Files* Photo.

35. Grecco is also entitled to its attorney's fees and costs in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Grecco requests judgment against Defendants as follows:

A. Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Grecco's rights in the Photos at issue.

B. Defendants be held liable to Grecco in statutory damages for copyright infringement in accordance with 17 U.S.C. §§ 504 (a)(2) and (c) and for costs, interest, and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

C. An accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully infringes upon Grecco's copyrights pursuant to 17 U.S.C. § 504 (a)(1) and (b).

D. Requiring Defendants to account for and pay over to Grecco all profits derived by Defendants from their acts of copyright infringement and to reimburse Grecco for all damages suffered by Grecco by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

E. Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

F. That Grecco be awarded any such other and further relief as the Court may deem just and appropriate.

Dated:  September 12, 2024                                    **ONE LLP**

                                                              By: */s/ Peter R. Afrasiabi*
                                                                   Peter R. Afrasiabi

                                                              *Attorneys for Plaintiff,*
                                                              Michael Grecco Productions, Inc.

# DEMAND FOR JURY TRIAL

Plaintiff Michael Grecco Productions, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated: September 12, 2024        By: */s/ Peter R. Afrasiabi*
                                        Peter R. Afrasiabi

                                        *Attorneys for Plaintiff,*
                                        Michael Grecco Productions, Inc.